L. H. ROUSSEAU & WELLS v. J. R. McCLURE, ADMR. OF WELLS.

*Dower—Husband and Wife—Descent and Distribution.*
>   The wife has the right to have the lands belonging to her deceased husband cultivated until her dower is assigned.

*Landlord and Tenant—Executors and Administrators—Liability of Tenant to the Estate.*
>   A tenant, who was placed in possession by the wife, of lands belonging to her deceased husband, to be cultivated for the year and no objection be made thereto by the administrator, is not liable to the estate for an accounting.

*Contract—Wife's Right to Lease Estate of Deceased Husband— Crops.*
>   A contract between a tenant and the wife of a deceased land owner, for the cultivation and making of a crop for the ensuing year, is binding as to the administrator of the estate, who had knowledge of the existence therof. And she is not held accountable for the products of same, unless it be for such amount as above her dower, not then assigned her, and for her yearly support, and such improvements and repairs necessary to make the crop.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

May 23, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

This case was so irregularly prepared and so imperfectly pre-sented by the records as to make it impossible for the court to decide with judicial certainty, several matters involved in the litigation, and to require further preparation.

The following errors however, are apparent. 1. Rousseau was employed by the intestate's widow, to whom no dower had been allotted, to cultivate the ground, prepare it for corn, when the intestate died, and was by their contract, entitled to one-half of the crop. There is no proof that the product exceeded eighty barrels of corn. The administrator seems to have acquiesced in this arrangement. Rousseau was therefore not responsible to the administrator for the half of the corn, much less for all of it. Yet the circuit court adjudged against him and the widow, $312.50. Rousseau not being justly liable for any portion of the

corn, this judgment was entirely erroneous as to him, and is therefore reversed.

2. The same judgment is erroneous as to the widow. It does not appear that the administrator was appointed until the widow had planted the corn, or made any objection to her culture of it, or any preparation to cultivate it himself. Had he planted and cultivated it she would have had a statutory right to one-third of the crop. Her contract with Rousseau, being reasonable and sanctioned by the administrator, Rousseau rightfully took one-half. This, without proof to the contrary, reduced the quantity to 40 barrels, and the third thereof being deducted for her, less than 27 barrels were left. Against the administrator's claim to that residuum, she should have a set-off for repairs necessary for making and saving the crop, and which the record shows that she made at a cost, probably equivalent to the value of the residual corn. But if there might still be a small balance against her, it would be absorbed by her right to corn for food and which had not, according to the proof, been allotted to her. It does not appear therefore, that she was properly chargable with any amount on account of the corn.

3. The widow, being entitled to two horses, and getting only one, has a right to the price for which the other horse, chosen by her, sold for. By the decree the administrator gets a credit for $100, as the amount she was entitled to for that horse. And yet we cannot see that he is made accountable to her for any thing on that account. This, if it be so, is clear error.

4. As the record of the alleged settlement of her accounts as guardian of the Armstrong children is not exhibited, we cannot know whether she was allowed for maintainance and service as now claimed by her. If that matter was concluded by the settlement, the decree against her for $91, as due on that settlement, is right. Otherwise wrong. There should be further investigation of this matter.

5. It does not appear that her whole distributable interest as widow, with two infant children, was allotted to her. She denies that it was. And the administrator has failed to show that it was, or precisely what was allotted. This matter should also be further investigated and more exact justice done on this subject.

In all other respects the decree though questionable, will not be disturbed by this court.

For the errors suggested, the decree is reversed, and cause re-manded for such further preparation and modifications as may be proper according to this opinion.

*Harlan, for appellants.*